IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAJENDRA PATEL et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:20-cv-00281 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| HENSLEE CHICKEN, LLC et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

Pending before the Court are two motions. The first is Plaintiffs' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 10, "Motion to Remand"). Though styled as a motion to dismiss, this motion is essentially a motion for remand. (*Id.*). Defendants have filed a Response (Doc. No. 27), and Plaintiffs have replied (Doc. No. 29). The second is Defendants' Motion to Transfer Venue and/or Dismiss Plaintiffs' Complaint (Doc. No. 30, "Motion to Transfer"). Plaintiffs filed a Response (Doc. No. 33), and Defendants filed a Reply (Doc. No. 36).

Because the Court will grant Plaintiffs' Motion to Remand, the Court will not reach Defendants' Motion to Transfer.

# BACKGROUND[1]

---

[1] There are two types of motions to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1): facial and factual attacks. *Gentek Bldg. Products, Inc. v. Sherman-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true. *Id.* If those allegations establish federally-cognizable claims, jurisdiction exists. *Id.* A factual attack instead raises a factual controversy concerning whether subject-matter jurisdiction exists. *Id.* Where there is a factual attack, no presumptive truthfulness applies to the complaint's allegations; instead, the Court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist. *Id.* In making its decision, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts. *Id.*; *see also Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1192 (M.D. Tenn. 2017).

The Sixth Circuit has found that when ruling on a motion to remand that involves allegations of fraudulent joinder, the Court may instead employ a summary-judgment-like procedure:

> Questions of removal similarly may involve facial and factual inquiries. When ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal. *See, e.g.*, *Miller v. Grgurich*, 763 F.2d 372 (9th Cir.1985). But federal courts may look beyond the pleadings to assess challenged facts; this may occur, for example, when the defendant alleges that the plaintiff fraudulently joined non-diverse defendants to destroy diversity jurisdiction. 16 Moore's Federal Practice § 107.41[1][e][ii]. In that context, the court may employ a summary-judgment-like procedure to examine affidavits and deposition testimony for evidence of fraud. *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311–312 (5th Cir.2002)).

*Gentek Bldg. Prod., Inc.* 491 F.3d at 330; *see also Howard v. Pearl Interactive Network Inc.*, No. 5:16-CV-362-REW, 2018 WL 3421824, at *5 (E.D. Ky. July 12, 2018). Put somewhat differently:

> As appropriate, we may "pierce the pleading" and consider summary judgment evidence, such as affidavits presented by the parties. The court may look to material outside the pleadings for the limited purpose of determining whether there are "undisputed facts that negate the claim."

*Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (quoting *Walker v. Philip Morris USA, Inc.,* 443 F. App'x. 946, 955–56 (6th Cir. 2011) (internal citations omitted)). However, "even if the district court 'pierces the pleadings' to consider summary-judgment-type evidence (such as depositions, affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential.

The present action was originally filed in Rutherford County Chancery Court (Doc. No. 1-1) against three individuals and 14 limited liability companies.[2] The Complaint asserts claims of intentional misrepresentation (Counts I and II), breach of contract (Count II), of conversion (Count III), for inspection of the books and records of Defendants (Count IV), and for judicial dissolution and appointment of a receiver (Count V). (*Id.*). Plaintiffs' requested relief includes compensatory damages, dissolution and winding up, and appointment of a receiver. (*Id.* at 17).

According to the Complaint, Plaintiffs Rajendra Patel, Navneet Patel, and Navraj, LLC, are all citizens of the State of Tennessee.[3] (*Id.* at 2). Plaintiffs partially own Defendants Henslee Chicken, LLC, Fort Campbell Chicken, LLC, Gallatin Chicken, LLC, Jefferson Chicken, LLC, Murfreesboro Chicken, LLC, Myatt Chicken, LLC, Nolensville Chicken, LLC, Wall St. Chicken, LLC, Enon Springs Chicken, LLC, Memorial Chicken, LLC, and Nashville Pike Chicken, LLC ("LLC Defendants") (Doc. Nos. 13-26).[4] All of these Defendants, and indeed all of the other

---

[And] any contested issues of fact must be construed in the plaintiff's favor." *Walker*, 443 F. App'x at 954.

In deciding the instant Motion to Remand, therefore, the Court does not accept disputed allegations in the Complaint as true and considers other evidence in the record as appropriate. But the Court never loses sight of the deferential standard for Plaintiffs.

[2] At times herein during its discussion, the Court will use the term "LLC" to refer to a limited liability company, and "LLCs" to refer to multiple limited liability companies.

[3] Though the Complaint lists Navraj, LLC, as an LLC licensed and doing business in the State of Tennessee, the Complaint does not provide information on the ownership of this LLC. Without knowing the ownership of Navraj, LLC, the Court is uncertain of whether Navraj, LLC, is, in fact, a citizen of Tennessee.

[4] In their Memorandum in support of their Motion to Remand, Plaintiffs represent themselves to own part of "Charlotte Chicken, LLC." (Doc. No. 11 at 2). The Motion to Remand uses the same name. (Doc. No. 10 at 2). The Court believes Plaintiffs to have meant Defendant Charlotte *Pike* Chicken, LLC (emphasis added). However, according to Defendants, Charlotte Pike Chicken, LLC, is wholly owned by Defendants Dinesh Goswami and Ali Butt of New Jersey. (Doc. No. 26). The Court does not need to resolve this issue. As will be discussed, the Court finds that other

limited liability companies named as Defendants, are identified in the Complaint as Tennessee limited liability companies. (Doc. No. 1-1 at 6- 9). However, the business disclosure statement for Defendant AMD Empire Investments, LLC, identifies it as a New Jersey limited liability company, owned entirely by citizens[5] of New Jersey. (Doc. No. 24 at 3). And the business disclosure statement of HAMD Realty, LLC, though confirming that it is a Tennessee Limited Liability Company, states that it is owned entirely by citizens of New Jersey.[6] (Doc. No. 25).

Defendants removed this case to federal court on March 31, 2020. (Doc. No. 1). The removal was based on 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332, and Defendants argued in their Notice of Removal that the Rutherford County Complaint was crafted in bad faith to fraudulently join LLC Defendants solely to circumvent federal jurisdiction. (*Id.* at 3). The case was then transferred to the undersigned as related to an earlier-filed case, *Patel et al. v. AR Group Tennessee, LLC et al.*, 3:20-cv-00052 ("Related Case") (Doc. No. 6). Plaintiffs have filed the Motion to Remand, and Defendants have filed a Motion to Transfer.

## REMOVAL AND REMAND STANDARDS

Diversity jurisdiction must exist at the time of removal to federal court.[7] *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 958 (6th Cir. 2017). The party removing the action to federal court

---

LLC Defendants to this action are citizens of Tennessee, and only one non-diverse defendant is needed for this Court to lack jurisdiction and remand the case.

[5] The business disclosure statements list "State of Domicile" for each member. "'Citizenship' for purposes of the diversity statute is synonymous not with 'residence' but with 'domicile.'" *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968).

[6] Individual Defendants Ali S. Butt, Dinesh Goswami, and Mourad Elayan are all listed as having New Jersey as their state of domicile in this business disclosure statement. (Doc. No. 25).

[7] This legal principle was developed when 18 U.S.C. § 1447(c) read, "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case." *Baldridge v. Kentucky-Ohio Transp., Inc.*, 983 F.2d 1341, 1348 n.11

bears the burden of showing that the district court has original jurisdiction over the action. *Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016); *Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 873 (E.D. Mich. 2015). Because they implicate federalism concerns, removal petitions are strictly construed, with all doubts resolved against removal. *Gooden v. Unum Life Ins. Co. of America*, 181 F. Supp. 3d 465, 470 (E.D. Tenn. 2016); *Hughen v. BHG Nashville #1, LLC*, No. 3:20-cv-00236, 2020 WL 2557961, at **3–4 (M.D. Tenn. May 20, 2020). All of this is to say that, unlike with various other kinds of motions, on a motion to remand, the non-movant starts out in an unfavorable position.

"The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* Therefore, even one member or sub-member of a defendant LLC sharing citizenship with a plaintiff will destroy diversity jurisdiction. *Id.*

---

(6th Cir. 1993). The language of that subsection was amended in 1988 to read "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This amended language "appears at first to allow remand upon a finding that jurisdiction vanished sometime *after* removal." *Baldridge*, 983 F.2d 1341, 1348 n.11. "Although the new language suggests that removal is no longer the critical jurisdictional juncture, courts have not construed it in this revolutionary way." *Id.* "The legislative history of the Judicial Improvements Act (Pub.L. 100–702), the 1988 law which changed this text, reveals no intent to direct district courts to look beyond the time of removal in deciding remand motions based on lack of jurisdiction." *Id.* It appears that the Sixth Circuit continues to adhere to this view, though the correctness of this view is not material in this case in any event, because post-removal developments have not been invoked by Plaintiffs as grounds for remand.

For purposes of determining citizenship, unlike with a corporation, with an LLC it is irrelevant where (*i.e.*, the particular state under whose laws) the LLC was formed. *ERMC, LLC v. Millertown Pavilion, LLC*, No. 3:19-CV-407-DCP, 2020 WL 6689339, at *2 (E.D. Tenn. Nov. 12, 2020) (quoting *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

## DISCUSSION

Plaintiffs argue that this Court lacks subject matter jurisdiction because there is no diversity of citizenship among the parties. Plaintiffs argue that they own percentages of many of the LLC Defendants, which necessarily means that they and LLC Defendants share citizenship of the same state (Tennessee), thus destroying diversity jurisdiction. (Doc. No. 11 at 2). The general idea here is sound, as it is generally true that where an LLC and at least one of its members are on opposite sides of the plaintiff/defendant divide, complete diversity necessarily is lacking. *See CMPS Inst., LLC v. MMG II, LLC*, 521 F. Supp. 2d 616, 619 (E.D. Mich. 2007) ("Because an LLC has the citizenship of its members, [Plaintiff] CMPS and [Defendant] MMG II are necessarily citizens of the same states. Because Plaintiff CMPS and Defendant MMG II are citizens of the same states, there is not complete diversity."). But Defendants respond essentially that the general rule does not apply because (according to them) Plaintiffs have fraudulently joined LLC Defendants in order to circumvent federal subject-matter jurisdiction, and the LLC Defendants are nominal parties. (Doc. No. 27). Plaintiffs briefly addressed these defenses in their Reply.[8] (Doc. No. 29).

---

[8] Plaintiffs' Reply is a short three pages in length and argues generally that Defendants were not fraudulently joined and are not nominal parties, without making a distinction between the two arguments. Notably, Plaintiffs did not address these two arguments prior to their Reply, despite advance warning (from Defendants' Notice of Removal) that Defendants planned to attack a potential motion to remand in this way. Plaintiffs also chose not to address the issues of fraudulent joinder and nominal parties in either their Motion to Remand or their Memorandum in support thereof, each of which was only approximately two pages in length and essentially just recited Plaintiffs' ownership interests in the LLCs.

A. Fraudulent Joinder

Defendants argue that Plaintiffs have fraudulently joined the LLC Defendants, against whom (according to Defendants) no cause of action exists, in order to circumvent this Court's jurisdiction. (Doc. No. 27 at 3). Plaintiffs counter that the LLC Defendants are necessary parties to this action because Plaintiffs have brought a claim to see LLC Defendants' books and records, and full relief could not be granted to Plaintiffs if the LLC Defendants are not party to the action. (Doc. No. 29 at 2). Defendants have asserted fraudulent joinder in two different procedural contexts. First, Defendants asserted it in its Notice of Removal as grounds for the Court's recognition of diversity jurisdiction. (Doc. No. 1 at 3). Second, Defendants have asserted fraudulent joinder in their opposition to Plaintiffs' Motion to Dismiss. (Doc. No. 27 at 3). In either of these contexts, the claim of fraudulent joinder, if valid, would defeat Plaintiffs' Motion to Remand.

To prove fraudulent[9] joinder, a defendant must present sufficient evidence that the plaintiff cannot establish a cause of action against the non-diverse defendants under state law. *Roberts v.*

---

[9] This Court has previously noted the confusing relationship between traditional fraud and fraudulent joinder:

> one of the problems with the fraudulent joinder doctrine is that there is no consensus as to whether it requires: (1) an objective inquiry into was joinder improper; (2) an objective inquiry into whether joinder was egregiously improper or baseless; or (3) an objective inquiry into whether the joinder of claims against a non-diverse defendant was "fraudulent" in the sense that it was in bad faith, as for example if it was motivated by a desire to defeat diversity. *See Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 854 (S.D. Ill. 2006).

*Mark Francis Macduff Spence, Sr. v. Dexcom, Inc.*, No. 3:18-CV-0369, 2019 WL 302504, at *5 n.11 (M.D. Tenn. Jan. 23, 2019).
    The Sixth Circuit has clearly stated that that the non-moving party's motive for joining a non-diverse party is "immaterial to our determination regarding fraudulent joinder." *Walker*, 443 F. App'x at 951(quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th

*Mars Petcare US, Inc.*, 874 F.3d 953, 958 (6th Cir. 2017). In other words, the possibility of fraudulent joinder requires proof that the plaintiff has no colorable claim against the non-diverse defendant under state law. *Id.* As discussed previously, the district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. *Id.* All doubts as to the propriety of removal are resolved in favor of remand. *Id.* In considering fraudulent joinder allegations, a court applies a test similar to the one applicable to a Rule 12(b)(6) motion to dismiss. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011) (collecting cases and noting the defendant's heavy burden to prove fraudulent joinder and the deferential approach taken to the plaintiff's position in such motions). The removing party bears the burden of demonstrating fraudulent joinder. *Id.* In similar factual circumstances, a district court in this circuit summarized the analysis as follows:

> Thus, the question before the Court is not whether the plaintiff will prevail at trial on their claims against the LLC or whether the Court believes that LLC was joined to defeat diversity. *See Jerome–Duncan, Inc. v. Auto–By–Tel, LLC*, 176 F.3d 904, 907 (6th Cir.1999) (holding that a plaintiff's motive in joining a non-diverse defendant is "immaterial to our determination regarding fraudulent joinder"). The question is whether, resolving all ambiguities in favor of [plaintiff], the defendants have shown there is no colorable basis for predicting that he could prevail against the non-diverse LLC in state court.

*Friedlander v. Figuerado*, No. 5:14-CV-4-KKC, 2014 WL 1883793, at *2 (E.D. Ky. Apr. 30, 2014).

---

Cir.1999)). But then in other cases, the Sixth Circuit has stated that they are looking for "evidence of fraud" in case of fraudulent joinder, potentially implying a "bad faith" subjective standard. *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 958 (6th Cir. 2017); *Gentek Bldg. Prod., Inc.*, 491 F.3d at 330.

On balance, the Court does not think that a plaintiff's subjective intent should be emphasized when analyzing fraudulent joinder, and even if it should be, in this particular case a subjective analysis would cut in neither party's favor due to the lack of record evidence of (or argument regarding) Plaintiffs' subjective intent in joining the Defendant LLCs.

In their Response to Plaintiffs' Motion to Remand, the closest Defendants come to arguing that there is no colorable cause of action under state law is when they assert:

> Plaintiffs have filed two virtually identical lawsuits, which differ only insofar as the present Complaint had added allegedly non-diverse defendants. However, Plaintiffs have proffered no reasonable basis or evidence on which the newly added defendants could be found liable. Although 14 new defendants have been named, the present Complaint only mimics the Original Case complaint, but without including even a single factual allegation against any of the new defendants.
> The present Complaint lacks any colorable cause of action unique to the new Defendants or action, but instead: (a) mimics the claims already before this Court against ARGT, Butt, Elayan, and Goswami in the Original Case; (b) names HAMD and AMD, and the LLC Defendants without including any factual allegations whatsoever against these Defendants; and (c) includes the LLC Defendants solely for a "Fourth Cause of Action, Action to Inspect Books and Records" which is virtually a verbatim recitation of their "Fourth Cause of Action, Action for an Accounting" in the Original Case complaint.
> Plaintiffs' have interposed this new Complaint in bad faith, simply naming additional defendants as an attempt to artificially defeat diversity jurisdiction. As a practical matter, having all claims against all parties litigated in one action is in the best interest of judicial economy. *See Farmers Insurance Exchange v. Shempert*, 2014 Tenn. App. LEXIS 46, *7 (Tenn. Ct. App. 2014).

(Doc. No. 27 at 4-5 (internal citations to the record omitted)). Strangely, though, Defendants do not here (or anywhere else) make an explicit argument that Plaintiffs have actually failed to make out a colorable cause of action under state law. Instead, they anchor their argument (in the above-quoted passage) on the assertion that the Complaint in this case and the complaint in the Related Case are substantially similar; Defendants seem to imply that indicates "bad faith" and, in turn, "fraudulent joinder." The only case cited by Defendants, *Farmers Ins. Exch. v. Shempert*, No. W2013-01059-COA-R3CV, 2014 WL 407903, at *2 (Tenn. Ct. App. Feb. 3, 2014), revolved around the Tennessee doctrine of prior suit pending (which Defendants do not even mention, instead making a vague argument about judicial efficiency), not fraudulent joinder. Though not clearly stated in their Response, Defendants seem to be arguing by way of this single citation that there is not a colorable state law claim against the LLC Defendants, in light of the alleged

applicability of the Tennessee doctrine of prior suit pending. Even if Defendants are to be credited with at least making *this* argument under *Tennessee law*, Defendants make *no* argument regarding whether Plaintiffs have made a colorable claim under *New Jersey* law—a notable omission because the Court has not yet decided whether Tennessee or New Jersey substantive law governs this dispute.[10]

In Tennessee, "[t]he doctrine of prior suit pending is a well-established doctrine that provides that an action is subject to dismissal where a prior lawsuit involving the same parties and the same subject matter is pending." *Id.* There are four elements to a defense of prior suit pending:

> 1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties.

*West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 623 (Tenn. 2008). Elements number three and four (subject-matter jurisdiction and personal jurisdiction) do not seem to be in dispute, as

---

[10] The Partnership Agreement (attached to the complaints in both matters) states that New Jersey law should apply. (Doc. No. 1-1 at 27). Despite citing only to one Tennessee state law case (and no New Jersey cases) in their response to the Motion to Remand, Defendants incongruously assert unequivocally in their Motion to Transfer that New Jersey law should apply to this dispute. (Doc. No. 31). Those Defendants herein who also are defendants in the Related Case were on notice to be very attentive to the issue of choice of law; in a motion for preliminary injunction in the Related Case, the Court identified choice of law as a potential issue, and the Court analyzed the request for a preliminary injunction under both states' laws without making a determination of applicable law. (3:20-cv-00052, Doc. No. 47). In the Motion to Transfer, Defendants make an argument that the Complaint should be dismissed for failure to state a claim upon which relief can be granted, and in so arguing discuss both New Jersey and (sometimes) Tennessee law. (Doc. No. 31 at 1, 13, 14). In that motion, Defendants essentially argue that Plaintiffs improperly have brought a direct action (instead of derivative) action, that there was no partnership between Navraj, LLC, and ARGT (a defendant in the Related Case), that the fraud claims do not meet the heightened pleading standard, and that the claims for conversion, an accounting, and appointment of a receiver are not adequately pled. (*Id.* at 13-23). As noted previously, in considering fraudulent joinder allegations, a court applies a test similar to the one applicable to a Rule 12(b)(6) motion to dismiss. *Casias*, 695 F.3d at 433. Defendants have made no indication that the standards used in a 12(b)(6) motion to dismiss have been met in this case or that the Court should consider these arguments in deciding the Motion to Remand.

neither kind of jurisdiction appears in dispute in the Related Case. As for the second element, there are additional Defendants in this case—sued herein but not in the Related Case. However, the "same parties" requirement is met when defendants sued only in the second action are "sufficiently similar [to the defendants sued in the first action] so as to make no practical difference." *Roy v. Diamond*, 16 S.W.3d 783, 790 (Tenn. Ct. App. 1999); *see also* C*ockburn v. Howard Johnson, Inc.*, 215 Tenn. 254, 256, 385 S.W.2d 101, 102 (1964) (ultimately finding the doctrine did not apply because of an exception, but stating that "[t]he defendants in these two cases are not identical but are in effect the same. The liability of [several defendants] will depend upon the liability of the [other defendant] as their agent, servant or employee."); *Fid. & Guar. Life Ins. Co. v. Corley*, No. W200202633COAR9CV, 2003 WL 23099685, at *7 (Tenn. Ct. App. Dec. 31, 2003) ("The doctrine of prior suit pending was intended to avoid such duplicative litigation on the same subject matter between parties that are essentially the same."); *Fultz v. Fultz*, 180 Tenn. 327, 175 S.W.2d 315, 316 (1943) (finding that parties are the same for purposes of prior suit pending when they are the privy of a party in a former lawsuit). Parties have been found to be sufficiently similar when one defendant is a member of another defendant and "their interests in these lawsuits are identical." *Comcast of S. v. Elec. Power Bd. of Chattanooga*, No. E200801788COAR3CV, 2009 WL 1328336, at *6 (Tenn. Ct. App. May 13, 2009). Though the Court could potentially see a persuasive argument that the Defendant LLCs are in privity or have identical interests to the defendants in the Related Case, Defendants have not advanced such an argument and the Tennessee state law is not sufficiently clear enough for the Court to make such a finding when it must resolve all doubts in favor of Plaintiffs.

Regardless, the "identical subject matter" requirement raises issues for Defendants. One court explained that:

> Whether two cases share "identical subject matter" is bound to turn on how broadly one defines the subject matter of a suit, a point on which Tennessee law is somewhat ambiguous. At least some authority exists that "the legal basis of each action and the relief sought against the parties to the action" will shape an inquiry into the subject matter of the actions. *Fed. Deposit Ins. Corp. v. Chapman*, No. M2011–02433–COA–R3CV, 2012 WL 3801490, at *3 (Tenn. Ct. App. Aug. 31, 2012). Because [Plaintiff] points to some distinction in the relief it seeks in each case and the legal bases it claims relief under, the Court cannot say that it does not have at least a colorable argument against a prior suit pending defense. For this reason, too, fraudulent joinder is inappropriate.

*Cent. Bank v. Jerrolds*, No. 14-1163, 2015 WL 1486368, at *6 (W.D. Tenn. Mar. 31, 2015).[11] The undersigned has previously observed on multiple occasions essentially that the question of whether two things are "identical" (or "the same")—as opposed to "similar or "different"—is often not amenable to a "right" answer, since the question is often a subjective one. *See Slinger v. Pendaform Co.*, No. 3:17-CV-00723, 2020 WL 6063777, at *4 (M.D. Tenn. Oct. 13, 2020) (Richardson, J.) ("The undersigned . . . has actually stressed in the past [] that the very notion of 'similar' is a subjective one, as 'similar' is a concept the exists along a continuum of non-factual concepts running between what is typically called the 'same' and what is typically called 'different.'") (quoting Eli J. Richardson, *Taking Issue with Issue Preclusion: Reinventing Collateral Estoppel*, 65 Miss. L.J. 41, 70 (1995)). The Court keeps this reality in mind here.

Here, the two complaints bring what the undersigned is comfortable calling different claims seeking different relief. In the instant case, Plaintiffs have pled causes of action for intentional misrepresentation (Counts I and II), breach of contract (Count II), conversion (Count III),

---

[11] The Sixth Circuit has stated that "[t]he Tennessee doctrine of 'prior suit pending,' however, is a state law doctrine which plainly does not apply to federal courts." *Laney Brentwood Homes, LLC v. Town of Collierville*, 144 F. App'x 506, 511 (6th Cir. 2005). However, federal district courts have considered the state law doctrine of prior suit pending under Tennessee law when determining whether a fraudulent joinder has occurred. *Cent. Bank*, No. 14-1163, 2015 WL 1486368, at *6 (W.D. Tenn. Mar. 31, 2015); *Yarborough v. BondCote Corp.*, No. 2:07-CV-05, 2008 WL 11452525, at *2 (E.D. Tenn. Mar. 25, 2008).

inspection of the books and records of Defendants (Count IV), and judicial dissolution and appointment of a receiver (Count V). (Doc. No. 1-1). In this case, Plaintiffs request relief including compensatory damages, inspection of Defendants' books and records, dissolution and winding up, and appointment of a receiver.[12] (*Id.* at 17). In their Amended Complaint[13] in the Related Case, Plaintiffs have pled causes of action for intentional misrepresentation (Count I), conversion (Count II), an accounting (Count III), civil RICO under 18 U.S.C. §1964(c) (Counts IV, V, VI, VII), breach of contract (Count VIII), retaliatory discharge (Count IX), and breach of fiduciary duty under Tennessee and New Jersey Law (Count X). (Doc. No. 36). In the Amended Complaint in the Related Case, Plaintiffs request relief including an excess of $2,700,000.00 for each violation against each Defendant jointly and severally; treble damages, punitive damages, attorney's fees and costs; an accounting of the books and records of each of Defendants' companies; appointment of a receiver; and any other relief to which Plaintiffs are entitled. (*Id.* at 22).[14]

---

[12] Defendants characterize the dispute as being "between members of ARGT over the distribution of said LLC's assets. Namely, the Patels have made monetary claims against fellow ARGT members Butt, Elayan, and Goswami. This is what the Complaint in this case is about. Yet, ARGT is not a party to this case." (Doc. No. 27 at 6). Despite this contention of Defendants, several of Plaintiffs' counts seek relief other than money damages.

[13] An amended complaint is the operative complaint in a matter. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Defendants have pointed the Court to—and the Court is aware of—no authority suggesting that when assessing the applicability of the doctrine of prior suit pending the Court should instead look to the original complaint filed in the prior matter if an amended complaint was filed thereafter.

[14] So only some of the claims found in this case are also found in the Related Case, and even when there is overlap, there appears to be some difference in the alleged operative facts, with the Amended Complaint in the Related Case often being more specific. Obviously, even though similar, these claims and relief are not identical. Defendants have cited the Court to no precedent that this overlapping would be enough to invoke the doctrine of prior suit pending.

Because of these differences in the complaints, both in the counts alleged and the relief sought, there is "some distinction in the relief it seeks in each case and the legal bases it claims relief under, [and] the Court cannot say that it does not have at least a colorable argument against a prior suit pending defense." *Cent. Bank*, 2015 WL 1486368, at *6.

In summary, the Court cannot apply fraudulent joinder in this case, given that the Court is required to resolve all ambiguities and doubts in favor of Plaintiffs. Defendants, who have the burden here, have not shown that Plaintiffs have no colorable claim against the non-diverse LLC Defendants under the law of either New Jersey or Tennessee. Therefore, Defendants have not shown that LLC Defendants were fraudulently joined. Moreover, under Tennessee law, Defendants have not sufficiently shown the applicability of the doctrine of prior suit pending, and Defendants have not attempted to advance an argument under New Jersey law.

Accordingly, Defendants' claim of fraudulent joinder fails and does not defeat Plaintiffs' Motion to Remand.

B. Nominal Parties[15]

Defendants additionally argue that the LLC Defendants are merely nominal parties, and that the Court should therefore disregard them in its analysis of whether it has diversity jurisdiction over this matter. (Doc. No. 27 at 5-6). Plaintiffs respond that Defendants are necessary parties. (Doc. No. 29 at 1).

"[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461

---

[15] The Court perceives potential overlap between the issue of whether there has been fraudulent joinder and whether there are nominal defendants. Nevertheless, the latter question ultimate can, should, and will be analyzed separately herein.

(1980) (holding that the court did not have to consider the citizenship of trust beneficiaries, and instead should consider the citizenship of the trustees). Although the Sixth Circuit has not specifically addressed the issue, the Fourth Circuit has defined the term "nominal party" to mean "a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Wellgen Standard, LLC v. Maximum Legal Holdings, LLC*, No. 3:18-cv-00275, 2019 WL 1043395, at *2 (M.D. Tenn. Mar. 5, 2019) (quoting *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013)) (discussing the approaches and collecting cases in the context of deciding whether all defendants consented to removal). Other courts have defined the term as describing a defendant for whom there is no real basis for liability. *See, e.g.*, *Farias v. Bexar Cnty. Bd. Of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991); *Beasley v. Wells Fargo Bank, N.A.*, 2017 WL 2670892, at *3 (M.D. Tenn. June 21, 2017). The Sixth Circuit, though primarily encountering the question of nominal parties when plaintiffs[16] were the allegedly nominal nondiverse parties, has seemed to embrace an approach of looking for a stake in the litigation: "[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's of London v. Layne*, 26 F.3d 39, 42–43 (6th Cir. 1994); *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952) (noting that in contrast to a 'real party in interest,' a formal or nominal party "is one who has no interest in the result of the suit and need not have been made a party thereto" (citation omitted)); *Maiden v. N. Am. Stainless*, L.P., 125 F. App'x 1, 3 (6th Cir. 2004) ("In a word, the [Defendant] does not have any interest in the outcome of this action. Thus, we agree with the

---

[16] Presumably, with respect to a defendant, the real party in interest is the person who is entitled to oppose (instead of enforce) the right asserted by the plaintiff, or otherwise has a stake or interest in the litigation.

district court that the [Defendant] is merely a "nominal party" and should not be considered for the purposes of determining diversity jurisdiction.").

As with fraudulent joiner, Defendants bear the burden of proving the nominal party exception applies. *Brown v. Select Portfolio Servicing, Inc.*, No. CV1505790MWFPLA, 2015 WL 6553423, at *3 (C.D. Cal. Oct. 29, 2015).

Defendants claim that "[w]hen a real dispute is between the member/owners over distribution of limited liability company assets, and the LLC is a necessary party only to effectuate the relief sought, it has no stake in the controversy, is nominal, and its citizenship should not be considered for diversity purposes." (Doc. No. 27 at 6). For this proposition, Defendant cites only to *Placer Mining Corp. v. Atlas Mining Grp.*, LLC, No. 2:18-CV-203-BLW, 2019 WL 418416, (D. Idaho Feb. 1, 2019), which in turn cited *Roskind v. Emigh*, 2007 U.S. Dist. LEXIS 25972 (D. Nev. 2007).

In *Placer*, the court found that an LLC was a nominal party that should not be considered for diversity purposes when "[t]he real dispute is between [Plaintiff] and Atlas/Kelly Holdings. [The LLC] is inactive and administratively closed by the State of Idaho, and is named only so that it can be judicially dissolved. Therefore, [the LLC] is a nominal party and its citizenship will not be considered for diversity purposes." *Placer Mining Corp.*, 2019 WL 418416, at *2. In *Roskind*, the court similarly did not consider a nominal party when determining diversity, saying that "[i]n cases where business entities are joined as parties solely for the purposes of dissolution, distribution of assets, or other formal acts, courts have traditionally classified these entities as nominal parties for diversity purposes." *Roskind v. Emigh*, No. 2:05CV0825-RCJ-RJJ, 2007 WL 981725, at *2 (D. Nev. Apr. 2, 2007). Despite claiming that this is "traditionally" the approach, *Roskind* cites only to two cases, *Polak v. Kobayashi*, No. CIV. 05-330-SLR, 2008 WL 4905519,

at *8 (D. Del. Nov. 13, 2008), and *Wolff v. Wolff,* 768 F.2d 642, 645–46 (5th Cir.1985). *Wolff* involved a partnership (not an LLC), and *Polak* found the LLC to be a nominal party but then, in a later decision, found the LLC *not* to be a nominal party for purposes of breach of fiduciary duty, declaratory judgment, and unjust enrichment claims. *See Tampone v. Richmond*, No. 10-11776, 2010 WL 3083539, at *4 (E.D. Mich. Aug. 5, 2010) (discussing *Polak* and *Roskind*).

The Court does not find the (out-of-circuit) cases cited by Defendants persuasive, and instead will follow the cases in this Circuit and others that have found differently. In one such case, a court in this Circuit has found that an LLC was not a nominal party where the plaintiff brought personal claims against an LLC (as opposed to derivative claims on behalf of an LLC), including breach of contract and for an accounting. *Friedlander*, 2014 WL 1883793, at *5 ("Construing the First Amended Complaint most favorably to [Plaintiff], the Court finds that his breach of contract and accounting claims are not derivative in nature because he is seeking recovery on his own behalf rather than on behalf of the LLC . . . . [Defendant] has cited no caselaw requiring this Court to find that the citizenship of a limited liability company can be ignored in a lawsuit by a member seeking to enforce his or her individual rights against the company."). Many other courts have similarly found that an LLC is a real party in interest, and not a nominal party, when "plaintiff seeks to put [the LLC] into receivership, dissolve, and enjoin from engaging in any business activity." *Masters v. Harkleroad*, 303 F. App'x 859, 861 (11th Cir. 2008); *Tampone*, 2010 WL 3083539, at *5; *Skaaning v. Sorensen*, No. CV. 09-00364 DAE-KSC, 2009 WL 3763056, at *7 (D. Haw. Nov. 10, 2009); *see also Ahmed v. Khanijow*, No. 11-11887, 2011 WL 3566621, at *9 n.4 (E.D. Mich. Aug. 15, 2011) (noting that the presence of the LLC was needed to give full relief when plaintiff sought an accounting and other relief and that the same well may be true even if the plaintiff only sought dissolution).

Therefore, believing these cases to be persuasive, and absent clear binding precedent to the contrary, the Court finds that Defendant LLCs here are not nominal parties but rather real parties in interest who are needed to effectuate full relief to the parties. Plaintiffs bring a claim to inspect the Defendant LLCs' books and records, and seek relief such as compensatory damages, dissolution and winding up, and appointment of a receiver. (Doc. No. 1-1). Defendants have made no argument regarding the relevant case law refusing to disregard the citizenship of LLCs when determining diversity jurisdiction by other courts in the Sixth Circuit or why the Court should not apply it, and, as has been discussed, Defendants bear the burden of proving that the nominal party exception should apply.

Therefore, the Court finds that the nominal-party exception does not apply in this case and that the citizenship of the Defendant LLCs cannot be disregarded in determining whether diversity jurisdiction exists.

## CONCLUSION

As discussed above, Plaintiffs share citizenship with the Defendant LLCs, whose citizenship cannot be disregarded. Thus, this Court lacks diversity jurisdiction, and the Court will GRANT Plaintiffs' Motion to Remand (Doc. No. 10), and the Court therefore will not reach Defendants' Motion to Transfer (Doc. No. 30).

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE